**United States District Court**
**District of Massachusetts**

```
                                  )
United States of America,         )
                                  )
            v.                    )
                                  )
Bill Phim,                        )   Criminal Action No.
                                  )   23-10199-NMG
            Defendant.            )
                                  )
                                  )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Bill Phim ("defendant" or "Phim") and three co-defendants are charged with two counts of conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), and two counts of distribution of and possession with intent to distribute 50 grams or more of methamphetamine, as well as aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(viii) and 18 U.S.C. § 2.

The charges arise from an investigation into the purported "Asian Boyz" gang which allegedly sold more than 11,000 counterfeit Adderall and Xanax pills between February and October, 2022.

In August, 2023, Magistrate Judge Jennifer C. Boal convened a detention hearing with respect to defendant.  She determined that the nature of the alleged offense, including the large volume of drugs involved as well as the strength of the evidence against Phim, outweighed the factors in favor of his release. Accordingly, the defendant was detained and from that detention he now appeals.

## I.   **Motion to Revoke Detention Order**

### A. Legal Standard

Under 18 U.S.C. § 3142(e), a judicial officer may detain a defendant pending trial if, after a hearing, the judicial officer finds that:

> no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e).

The deciding judicial officer must consider: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the person and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The government bears the burden of demonstrating that a defendant poses a danger to the community by clear and

convincing evidence or that the defendant poses a flight risk by a preponderance of the evidence. United States v. Rose, 2012 WL 2500497, * 1-2 (D. Mass. June 26, 2012).

Because defendant seeks review under 18 U.S.C. § 3145(b) of the magistrate judge's detention order, this Court will review that pretrial detention order de novo. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017).

### B. Application

Defendant does not challenge the application of a presumption of detention because there is probable cause to believe that he committed a controlled substance offense with a maximum term of imprisonment of ten years.  Rather, he contends that he has rebutted the presumption of detention and the government has not met its burden.  Defendant raises several arguments he made to the magistrate judge, including: (1) his close family and community ties near Lowell, MA, (2) his history of and potential for gainful employment, (3) the absence of a history of substance abuse and (4) defendant's "minimal criminal record."

Defendant's repeated arguments are unpersuasive.  As the government asserts, he is accused of distributing thousands of counterfeit Adderall pills over a short period of time. Furthermore, defendant is alleged to have distributed those drugs as a member of a gang that possessed the resources to

facilitate wide-scale distribution.  Video evidence submitted by the government demonstrates that there is a strong likelihood that the defendant had access to firearms.

Finally, the release plan proposed by defendant is inadequate to assure the safety of the community.  <u>See</u> 18 U.S.C. § 3142(e)(3).  Defendant proposes to be released to the custody of his former girlfriend, Chantha Ham, with whom he has children.  There is reason to believe, however, that Ham is a co-conspirator.  Defendant adduces no facts that would relieve the Court's apprehension that living with Ms. Ham would be counter-productive.

Accordingly, the Court concludes that defendant should be detained prior to trial.

**ORDER**

For the foregoing reasons, the motion of defendant, Bill Phim, for pretrial release (Docket No. 36) is **DENIED**.


**So ordered.**




                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated:  October 10, 2023