UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 23-10199-NMG

UNITED STATES OF AMERICA

v.

BILL PHIM

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER PRETRIAL RELEASE ON CONDITIONS BASED ON DUE PROCESS AND CHANGED CIRCUMSTANCES**

May 29, 2024

Boal, M.J.

Defendant Bill Phim has moved, pursuant to 18 U.S.C. § 3145(b), for an order revoking the detention order and release on conditions. Docket No. 72.[1] For the following reasons, I deny the motion.

I.   BACKGROUND

The defendant, Bill Phim, is charged in an indictment with conspiracy to distribute and to possess with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), conspiracy to distribute and to possess with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and distribution of and possession with intent to distribute 50 grams and more of methamphetamine, as well as aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2.

---

[1] The defendant invokes 18 U.S.C. § 3145(b), which allows for review by a district judge of a detention order entered by a magistrate judge. Based on its contents, I have construed the motion as one for reconsideration of the detention order in the first instance.

1

After a detention hearing, this Court ordered Phim detained pending trial. Docket No. 30. This Court found, among other things, that the nature of the alleged crime, as well as the deceptive nature of the pills and the sheer amount of drugs involved in this case, pose a significant danger to the community. Id. at 4. This Court also noted that the evidence against Phim, including numerous recorded controlled buys by an FBI undercover agent, is very strong. Id.

On October 10, 2023, Judge Gorton affirmed this Court's decision. See Docket No. 50. In so doing, he found that:

> As the government asserts, [Phim] is accused of distributing thousands of counterfeit Adderall pills over a short period of time. Furthermore, defendant is alleged to have distributed those drugs as a member of a gang that possessed the resources to facilitate wide-scale distribution. Video evidence submitted by the government demonstrates that there is a strong likelihood that the defendant had access to firearms.
>
> Finally, the release plan proposed by defendant is inadequate to assure the safety of the community. See 18 U.S.C. § 3142(e)(3). Defendant proposes to be released to the custody of his former girlfriend, Chantha Ham, with whom he has children. There is reason to believe, however, that Ham is a co-conspirator. Defendant adduces no facts that would relieve the Court's apprehension that living with Ms. Ham would be counter-productive.

Id. at 3-4.

On May 7, 2024, defendant filed the instant motion. Docket No. 72. The government filed an opposition on May 21, 2024 and a supplemental response on May 23, 2024. Docket Nos. 75, 78.

II.   ANALYSIS

    A.   Phim Offers No Significant Change In Circumstances Or New Evidence

Section 3142(f)(2) provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the

time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Phim argues that the government has not carried its burden to show that no condition or combination of conditions will reasonably assure the safety of the community. Docket No. 72 at 14. Both this Court and Judge Gorton, however, found that the government had met its burden. Phim has failed to provide facts or new information to persuade this Court to reconsider its prior ruling. His family circumstances, while unfortunate, and the courses he has taken in prison (for which he is to be commended) do not provide a basis to reconsider the issue of detention. Accordingly, Phim has offered no significant change of circumstances or new evidence warranting reconsideration of the detention order.

B.  Due Process

Phim also argues that the duration of his pretrial detention offends due process. Docket No. 72 at 2-13. "The First Circuit has recognized that 'the due process clause of the United States Constitution might well be violated if the length of detention is substantial enough to constitute punishment without trial.'" United States v. Cardona, No. 3:17-30022-TSH, 2020 WL 1905308, at *1 (D. Mass. Apr. 17, 2020) (citations omitted). There is no set period after which detention becomes punitive. See United States v. Zannino, 798 F.2d 544, 547 (1st Cir. 1986). "Instead, 'the constitutional limit to the length of pretrial detention requires an assessment on a case by case basis.'" Cardona, 2020 WL 1905308, at *1 (citation omitted).

The Court considers the following factors in assessing the constitutionality of continued detention: (1) "the seriousness of the charges," (2) "the strength of the government's proof that defendant poses a risk of flight or a danger to the community," (3) "the strength of the

government's case on the merits," (4) "the length of the detention that has in fact occurred," (5) "the complexity of the case," and (6) "whether the strategy of one side or the other has added needlessly to that complexity." Zannino, 798 F.2d at 547 (quoting United States v. Accetturo, 783 F.2d 382, 388 (3d Cir. 1986)).

The charges against Phim are serious. Phim is accused with selling large quantities of methamphetamine pills disguised as Adderall. See Detention Affidavit of Matthew R. Zaremba at ¶ 17 ("The danger in these counterfeit pills is that they may contain lethal amounts of . . . methamphetamine, but they look identical to a legitimate prescription pill, such as Adderall . . ."). In addition, as recognized by Judge Gorton, video evidence submitted by the government demonstrates that there is a strong likelihood that the defendant had access to firearms. Docket No. 50 at 4. The evidence against Phim is also very strong.

Phim has been incarcerated for approximately 9 months. Compared to the ten-year mandatory minimum sentence of imprisonment he faces if convicted, nine months of detention is not substantial enough yet to approach constitutional limits. Given the number of defendants and the alleged conspiracy, it is not unreasonable that this case has not yet reached a resolution. In addition, there is no claim that the government is responsible for any delays. Accordingly, I find that Phim has not shown that his continued detention violates his due process rights at this time.

III.   ORDER

For the foregoing reasons, I deny Phim's motion for reconsideration of his continued detention.

      /s/ Jennifer C. Boal
     JENNIFER C. BOAL
     United States Magistrate Judge